United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 14, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

---

**No. 06-40577**
**Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**PEDRO GRANDE-DORANTES,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(1:05-CR-1046-ALL)**

---

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Pedro Grande-Dorantes appeals, on two bases, his sentence following a guilty-plea conviction for illegal reentry following deportation.

First, he contends the district court erred by enhancing his sentence pursuant to advisory Guidelines § 2L1.2(b)(1)(B), based on the court's finding he was previously deported after a conviction for a felony drug-trafficking offense. Grande-Dorantes contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his prior Texas conviction for possession with intent to deliver cocaine is not a drug-trafficking offense under § 2L1.2(b)(1)(B) because Texas Health and Safety Code § 481.112(a) defines a "delivery" to include an "offer to sell," which is not punishable under the Controlled Substances Act.

Because Grande-Dorantes challenged this sentencing enhancement in the district court, we review the district court's application of the advisory Guidelines *de novo*; its factual findings for clear error. *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005); *United States v. Villanueva*, 408 F.3d 193, 203 & n.9 (5th Cir.), *cert. denied*, 126 S. Ct. 268 (2005).

At sentencing, the Government submitted state-court records establishing that Grande-Dorantes stipulated to possessing cocaine with the intent to distribute it. Because Grande-Dorantes stipulated to conduct which constitutes a drug-trafficking offense under § 2L1.2, the district court did *not* err in enhancing his sentence. *Shepard v. United States*, 544 U.S. 13, 16 (2005); *United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005).

Grande-Dorantes also asserts that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b) are unconstitutional in the light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and subsequent Supreme Court decisions. This constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224,

2

235 (1998).  Grande-Dorantes properly concedes this; he raises the issue here to preserve it for further review.

*AFFIRMED*